[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION CODED 169
The plaintiff has moved to modify an existing visitation order that was entered by stipulation of the parties at the time of the dissolution action between the parties. That stipulation regarding custody and visitation is dated September 14, 1988.
The court heard evidence from a number of witnesses and a number of exhibits that were presented regarding the issues presented by this motion. The plaintiff claims that the Wednesday evening visitation should be eliminated due to problems that she claims exist regarding that visitation and seeks other modifications to the existing visitation schedule. From the evidence presented the court does find that there have been a number of times where the defendant has not exercised visitation on Wednesday evening without notifying the plaintiff. The court also finds that the children have a wonderful time when they visit with the defendant both on Wednesday evenings and on the alternating weekend visitation periods. The court further finds that the children care for and love their father and want to visit with him and are not afraid of him. The court further finds that although visitation rights were granted to the defendant for Thanksgiving 1991 and Christmas Eve 1991, that he was unable to exercise those visitation rights due to the minor child, Patrice, being ill on Thanksgiving and the minor child, CT Page 6421 Joanna, being ill on Christmas Eve. The defendant has also not been consistent in exercising his visitation rights in general. After the defendant notified the plaintiff of his desire to take the children to Equador as part of his summer 1992 visitation, the plaintiff informed the children that she would go to court to try to change the existing visitation order. The plaintiff is also unwilling to agree to talk to the children in a positive way regarding the defendant's summer visitation with them. The court finds that the present custody and visitation order should be modified and that the following modifications are in the best interest of the children.
Paragraph 4. A. is modified by adding the following after the second sentence: "If he is unable to arrive by that time he shall also telephone the children and give them his best estimate of his likely arrival time."
Paragraph 4. A. is further amended by eliminating the following sentence: "The defendant will give the plaintiff one week notice of when he is scheduled to be on call on Wednesday"; and substituting the following therefore: "The defendant will give the plaintiff at least one week notice by registered mail or by certified mail, return receipt requested, of when he is scheduled to be on call on Wednesday whenever possible."
Paragraph 4. B. is amended by eliminating the last sentence and substituting the following therefore: "The defendant shall notify the plaintiff by registered mail or certified mail, return receipt requested, within one week of receiving his weekend on call schedule if said schedule will require that he rearrange his weekend visitation. He shall also forward to the plaintiff a copy of his weekend on call schedule by registered mail or certified mail, return receipt requested, within one week of receiving it."
Paragraph 4. C. is amended by eliminating the last sentence and substituting the following therefore: "The defendant shall notify the plaintiff by registered mail or certified mail, return receipt requested, at least two weeks prior to a holiday on which he has visitation if he is not going to be able to exercise said visitation. He shall also notify the children by telephone at least two weeks prior to a holiday on which he has visitation if he is not going to be able to exercise said visitation."
The last sentence in Paragraph 4. F. is eliminated and the following is substituted therefore: "The defendant shall notify the plaintiff by registered mail or certified mail, return receipt requested, at least two weeks prior to the extra Sunday visit that he intends to exercise that option. He shall also notify the children by telephone at least two weeks prior to the CT Page 6422 extra Sunday visit that he intends to exercise that option."
Paragraph 4. G. is amended by eliminating the first paragraph and substituting the following therefore: "Beginning in 1993 the children shall spend up to two weeks of summer vacation with the father, the dates of said vacation shall be set by the father no later than March 15 of each year and taking into account the children's summer activities, camps, etc. The father's vacation time preference will prevail. The plaintiff will inform the defendant of the children's summer activities and dates by registered mail or certified mail, return receipt requested, as early as possible, but in no event at least by January 15 of each year. Once the defendant has notified the plaintiff of the vacation time, the plaintiff will not schedule activities for the children during that period."
The last sentence in the second paragraph of Paragraph 4. G. is amended to read as follows: "The defendant shall give the plaintiff at least 45 days written notice by registered mail or certified mail, return receipt requested, if he intends to exercise this visitation."
The first sentence in Paragraph 4. H. is amended to read as follows: "In the event the defendant intends to take the children out of the State of Connecticut during a weekend visitation, he shall inform the children by telephone and notify the plaintiff by registered mail or certified mail, return receipt requested, and provide the plaintiff with an itinerary and telephone numbers where he and the children may be reached each day by the Wednesday preceding said visitation."
The second paragraph to Paragraph 4. H. is amended to read as follows: "In the event that the defendant intends to take the children out of the State of Connecticut during the summer vacation visitation, he shall inform the children by telephone and notify the plaintiff by registered mail or certified mail, return receipt requested, of his intent not later than one week prior to any vacation period. The defendant shall provide the plaintiff with an itinerary and telephone numbers where he and the children can be reached each day."
The last paragraph to Paragraph 4. H. is amended to read as follows: "The plaintiff shall notify the defendant of any trips that the children take outside of the State of Connecticut that are longer than two nights and three days, by registered mail or certified mail, return receipt requested, by the Wednesday preceding said trip. She shall provide him with an itinerary and telephone numbers where she and the children can be reached during said trips." CT Page 6423
Paragraph 4. I. is amended to read as follows: "The defendant agrees not to take the children outside of the continental United States or to Mexico or Canada prior to the summer of 1993. If the defendant wishes to take the children outside of the continental United States, Mexico or Canada, the summer of 1993 or thereafter, he shall give the plaintiff at least 90 days written notice prior to the anticipated departure date by registered mail or certified mail, return receipt requested, of his intent to do so. Passports for the children shall be kept current and the plaintiff shall renew the existing passports prior to their expiration dates. Cost of said renewal shall be borne by the defendant. The plaintiff shall hand deliver the passports to the defendant at least 75 days prior to the planned departure date. The defendant shall return said passports to the plaintiff when he returns with the children."
Paragraph 4. J. is amended to read as follows: "The plaintiff is ordered to install a telephone for the children in Patrice's room. The phone is to allow the defendant access to the children when he is to give them telephone notice in accordance with this order. The plaintiff is not to interfere with said telephone access. The defendant is to pay the full cost of installing the phone and the full cost for the monthly charge for the phone not including long distance calls. The phone may also be used by the defendant to have open telephone access to the children. If the children are not at home the plaintiff shall inform the defendant of their expected time of arrival. The defendant shall also provide at his own cost a telephone answering machine to be used in connection with the telephone to be installed for telephone access with the children. The answering machine is to be used only for the telephone that is to be installed for the children."
The following order is also entered: "The defendant shall have summer visitation with all children commencing August 8, 1992 at 10:00 A.M and ending August 16, 1992 at 6:00 P.M."
Sidney Axelrod, Judge